Leo A. Heymann and Henrietta E. Heymann, Plaintiffs, *v.* Dodd, Mead and Company, Inc., Defendant.

Supreme Court, Special Term, New York County, April 24, 1940.

*Kaye, Scholer, Fierman & Hays*, for the plaintiffs.

*Stern & Reubens*, for the defendant.

Pecora, J. This motion is made to dismiss the amended complaint in libel. The action is based upon a publication by defendant of a book, " Our G Men." Opposite page 198 of that book is a full page picture of a customs inspector. It has likenesses of the plaintiffs, of a customs inspector, and of opening of baggage. There is nothing unusual about the method of search, nothing to indicate a suspicion of smuggling. Nor is there any communication between the inspector and the plaintiffs. Both parties are engaged in separate activities. The picture would be absolutely devoid of any reflection upon plaintiffs or of injury to them except, possibly, as an invasion of their rights of privacy, were it not for the explanatory reading matter under the picture. This states:

" Customs inspectors are on the job when ships reach port. They have an uncanny knowledge of hiding places."

On the basis of these facts the court on the original complaint held that the picture with the inscription was not libelous *per se* in that it could not be construed as charging the commission of the crime of smuggling. In amending the complaint plaintiffs have submitted the entire book " Our G Men," and call attention to other pictures in the volume. These, however, do not contain any likeness of the plaintiffs. The purport of the additional matter is to renew the charge that plaintiffs were accused of smuggling and that they were held up to ridicule and contempt.

The present complaint does not support the contention that plaintiffs have been charged with a crime. Nor does it sustain the charge that plaintiffs have been held up to ridicule and contempt. The publication of the picture on page 198 may have been unfortunate, but it does not sustain either charge. The printed matter underneath hardly serves to connect the plaintiffs with any nefarious activity. There is a reference to an " uncanny knowledge of hiding places." But the customs inspector pictured shows no peering into hiding places. It is an ordinary examination of baggage. The invasion of plaintiffs' privacy is not a libel, however uncalled for it may have been.

The motion to dismiss the amended complaint is granted. Settle order.